# ORIGINAL

# In the United States Court of Federal Claims

No. 17-1501C

(Filed:  October 23, 2017)

```
***************************
                          *
KERRY S. WELLS,           *
                          *
            Plaintiff,    *
                          *
v.                        *
                          *
THE UNITED STATES,        *
                          *
            Defendant.    *
                          *
***************************
```

**FILED**

OCT 2 3 2017

U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL ORDER

WHEELER, Judge.

On October 12, 2017, Plaintiff Kerry S. Wells filed a handwritten *pro se* complaint in this Court against his patent attorney, Charles C. McCloskey.  Mr. Wells alleges that Mr. McCloskey stole his patent and seeks justice from this Court as a result.  Pursuant to its inherent authority, the Court *sua sponte* DIMISSES Mr. Wells' complain for lack of subject-matter jurisdiction because he neither alleges a claim against the United States nor identifies any separate source of substantive law creating a right to monetary damages.

## Background

On October 12, 2017, Mr. Wells filed a complaint in this Court, seeking justice for his patent attorney's failure to protect his patent.  Compl. at 1.  In his complaint, Mr. Wells names Charles C. McCloskey as the sole defendant.  Id.  Mr. Wells states that he hired Mr. McCloskey in 2009 to assist him in obtaining a patent for his invention, the "Solar Power Address Sign."  Id.  Mr. Wells then alleges that he was awarded a design patent for his invention on December 7, 2010 and that Mr. McCloskey stole this patent from him by forcing him to sign a "second power of attorney."  Id.

7017 1450 0000 1346 1888

Mr. Wells further alleges that he filed a complaint against Mr. McCloskey with the Office of the Chief Disciplinary Counsel on February 9, 2016 and received a letter from the "Legal Ethics Counsel" stating that a special representative would investigate the matter. Id. at 2. However, Mr. Wells claims that no such investigation took place because Mr. McCloskey sits on the "Ethics Counsel Committee." Id. Mr. Wells claims that he is precluded from following up on the matter with the U.S. Patent Examiner because he is not authorized or assigned to the patent; rather, he is merely listed as the patent's "inventor." Id. Mr. Wells now "seeks justice" from this Court as a result of Mr. McCloskey's failure to protect Mr. Wells' patent. Id.

## Discussion

Subject-matter jurisdiction may be challenged at any time by the court *sua sponte*. See, e.g., Toohey v. United States, 105 Fed. Cl. 97, 98 (2012). When deciding whether there is subject-matter jurisdiction, the court "accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." Estes Express Lines v. United States, 739 F.3d 689, 692 (Fed. Cir. 2014). Although *pro se* litigants are generally held to a lower standard in their pleadings, a *pro se* plaintiff must still prove subject-matter jurisdiction by a preponderance of the evidence. Lengen v. United States, 100 Fed. Cl. 317, 328 (2011).

Under the Tucker Act, the Court may hear any "claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act itself does not create a substantive cause of action. Rather, for a claim to be cognizable under the Tucker Act, the plaintiff must identify a "separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005). The separate source of substantive law is considered money-mandating if it "can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s]." Id. at 1173 (quoting United States v. Mitchell, 463 U.S. 206, 217 (1983)).

This Court only has jurisdiction to entertain claims against the United States. 28 U.S.C. § 1491(a)(1); United States v. Sherwood, 312 U.S. 584, 588 (1941); Moore v. Public Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction . . . ."); Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011) ("It is well settled that the United States is the only proper defendant in the Court of Federal Claims."). Mr. Wells has not named any federal agency or the United States as a defendant; rather, he has named his patent attorney, Charles C. McCloskey, as the sole defendant. Thus, Mr. Wells' complaint fails to meet the foundational jurisdictional requirement that the United States be the defendant, and the only defendant.

Additionally, Mr. Wells fails to identify any separate source of substantive law creating a right to monetary damages. In his complaint, Mr. Wells merely asks the Court for "justice," without pointing to any money-mandating statute that would entitle him to monetary relief. As such, this Court lacks jurisdiction over Mr. Wells' claim.

### Conclusion

Accordingly, for the foregoing reasons, the Court DISMISSES Mr. Wells' complaint for lack of subject-matter jurisdiction. The Clerk of the Court is directed to enter judgment accordingly. No costs.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge

3